## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JAMES TRAINER and
TAMI ANDREWS,

     Plaintiffs,

v.

AUSTAL USA, LLC,

     Defendant.

Civil Action No.:
1:14-cv-00261-CG-M

## DEFENDANT AUSTAL USA, LLC'S
## ANSWER TO SECOND AMENDED FALSE CLAIMS ACT COMPLAINT

Defendant AUSTAL USA, LLC ("Austal") states the following for its Answer to Second Amended False Claims Act Complaint (Doc. 46).

### I.      Nature of Action

1.      The Plaintiffs' characterization of this lawsuit requires no response from Austal, other than that Austal denies it retaliated against the Plaintiffs or that Plaintiffs are entitled to any relief and demands strict proof thereof.

2.      Austal denies these averments and demands strict proof thereof.

### II.      Parties, Jurisdiction, and Venue

3.      Austal is without sufficient information to form a response as to the truth of the averments of the citizenship or residency of Plaintiff James Trainer

1

("Trainer"), but to the extent a response is otherwise required, Austal denies these averments and demands strict proof thereof. Austal admits that Trainer was employed with Austal as a Designer III from December 2010 through April 2012. Austal denies the remaining averments of this paragraph and demands strict proof thereof.

4.      Austal is without sufficient information to form a response as to the truth of the averments of citizenship or residency of Plaintiff Tami Andrews ("Andrews"), but to the extent a response is otherwise required, Austal denies these averments and demands strict proof thereof. Austal admits that Andrews was employed with Austal from January 2009 through February 2012 and that, at the time immediately preceding the date her employment with Austal ended, she held a Fitout Design Coordinator position. Austal denies the remaining averments of this paragraph and demands strict proof thereof.

5.      Admitted.

6.      Austal admits that it is a global defense prime contractor and designer and manufacturer of both defense and commercial ships. Austal admits that is the prime contractor on the U.S. Navy's 127-meter Independence-variant Littoral Combat Ships ("LCS") program and Joint High Speed Vessel ("JHSV") program, the hulls and superstructures of both which are composed of aluminum. Austal denies the remaining averments of this paragraph and demands strict proof thereof.

2

7.     These allegations state legal conclusions to which no response from Austal is required, other than that Austal admits that it may be found and transacts business in this District.

8.     These allegations state legal conclusions to which no response from Austal is required, other than that Austal admits that it may be found and transacts business in this District.

### III.    Facts

9.     Austal adopts and incorporates as if fully set forth herein its responses to paragraphs 1 through 8 of the Second Amended False Claims Act Complaint.

10.    Austal admits that it began construction of its Mobile, Alabama shipyard facility in 1999.  Austal denies the remaining averments of this paragraph and demands strict proof thereof.

11.    Austal admits that subsequent to construction of its Mobile, Alabama shipyard, which commenced in 1999, Austal has produced both defense and commercial ships.  Austal denies the remaining averments of this paragraph and demands strict proof thereof.

12.    Austal admits that it performed construction work on the USS *Independence* (LCS 2), the lead LCS vessel procured by the United States government from General Dynamics – Bath Iron Works Corporation ("GD-BIW")

under the LCS program as a subcontractor.  Austal denies the remaining averments of this paragraph and demands strict proof thereof.

13.    Austal admits that Contract No. N00035-03-C-2310 for the LCS 4 vessel was terminated for the United States' convenience pursuant to Federal Acquisition Regulation ("FAR") Clause 52.249-2 (48 C.F.R. § 52.249-2).  Austal denies the remaining averments of this paragraph and demands strict proof thereof.

14.    The averments of this paragraph refer to decisions allegedly made by the U.S. Navy, of which Austal lacks knowledge or information sufficient to form a belief as to the truth of those allegations, but to the extent a response is otherwise required, Austal denies these averments and demands strict proof thereof.

15.    Austal admits that it was awarded Contract No. N00024-11-C-2301 by the U.S. Navy to construct additional LCS vessels for Fiscal Years 2010-2015. Austal states that this LCS contract speaks for itself, but to the extent a response is otherwise required, Austal denies these averments and demands strict proof thereof.

16.    Austal denies these averments and demands strict proof thereof.

17.    Austal admits that it was awarded Contract No. N00024-08-C-2217 by the U.S. Navy to construct a quantity of JHSV vessels.  Austal states that the JHSV contract speaks for itself, but to the extent a response is otherwise required, Austal denies these averments and demands strict proof thereof.

18.     Austal denies that it ever entered into any contract for the construction of JHSV vessels with the U.S. Army and demands strict proof thereof.  Austal admits that it constructs LCS and JSHV vessels at its shipyard in Mobile, Alabama. Austal states that Austal's LCS and JHSV contracts speak for themselves, but to the extent a response is otherwise required, Austal denies these averments and demands strict proof thereof.

19.     Admitted.

20.     Austal states that Austal's LCS and JHSV contracts, including the Contract Line Item Number ("CLIN") descriptions, speak for themselves, but to the extent a response is otherwise required, Austal denies these averments and demands strict proof thereof.

21.     Austal states that the LCS and JHSV contracts speak for themselves, but to the extent a response is otherwise required, Austal denies these averments and demands strict proof thereof.

22.     Austal states that the payment provisions of the LCS and JHSV contracts speak for themselves, but to the extent a response is otherwise required, Austal denies these averments and demands strict proof thereof.

23.     These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims

Act Complaint at the time it was filed. Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice and continue to allege fraud without providing any specificity in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal denies these averments and demands strict proof thereof.

24.     These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed. Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal admits that during Plaintiffs' employment with Austal, Austal used a software system called Labor Metrix.  Austal states that the operation of Labor Metrix speaks for itself, but to the extent a response is otherwise required, Austal denies these averments and demands strict proof thereof.

25.     These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed. Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s

heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal admits that during Plaintiffs' employment with Austal, Austal used a software system called Labor Metrix and had an IFS system.  Austal states that the operation of Labor Metrix and the IFS systems speak for themselves, but to the extent a response is required, Austal denies these averments and demands strict proof thereof.  Austal admits that during Plaintiff's employment with Austal, Austal submitted billing documentation to the U.S. Government pursuant to the terms of its LCS and JHSV contracts, which speak for themselves, and that Austal received payments from the U.S. Government for the work performed.  Austal denies the remaining averments of this paragraph and demands strict proof thereof.

26.   Admitted.

27.   These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed. Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal denies these averments and demands strict proof thereof.

28.   These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal.

These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed. Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal denies these averments and demands strict proof thereof.

29.    These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed. Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal denies these averments and demands strict proof thereof.

30.    Admitted.

31.    Austal denies that Thad Williams was either of the Plaintiffs' "supervisor" and demands strict proof thereof.   Austal admits the remaining averments of this paragraph.

32.    These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed. Notwithstanding that Plaintiffs have

exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal denies these averments and demands strict proof thereof.

33.     These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed.   Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal denies that Thad Williams improperly crafted budget plans for outfitting design work on the JHSV and LCS and demands strict proof thereof. Austal admits the remaining averments of this paragraph.

34.     These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed.   Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal denies these averments and demands strict proof thereof.

35.     Austal denies these averments and demands strict proof thereof.

36.     Austal denies these averments and demands strict proof thereof.

37.     Austal denies these averments and demands strict proof thereof.

38.     Austal denies these averments and demands strict proof thereof.

39.     These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed.   Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal admits that during Plaintiffs' employment with Austal, Austal submitted billing documentation to the U.S. Government pursuant to the terms of the LCS and JHSV contracts, which speak for themselves, and that Austal received payments from the U.S. Government for the work performed.   Austal denies the remaining averments of this paragraph and demands strict proof thereof.

40.     Austal denies these averments and demands strict proof thereof.

41.     Austal denies these averments and demands strict proof thereof.

42.     Austal denies these averments and demands strict proof thereof.

43.     Austal denies these averments and demands strict proof thereof.

44.     Austal denies these averments and demands strict proof thereof.

45.    Austal admits that Andrews's employment with Austal ended in February 2012.  Austal denies these averments and demands strict proof thereof.

46.    Austal admits that Andrews forged another Austal employee's signature on company documents despite having previously been directed not to do so by that individual.  Austal denies the remaining averments of this paragraph and demands strict proof thereof.

47.    Austal admits that Andrews's employment with Austal ended in February 2012.  Austal denies the remaining averments of this paragraph and demands strict proof thereof.

48.    These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal.  These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed.  Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers by stating that Austal's LCS and JHSV contracts speak for themselves, but to the extent a response is required, Austal denies these averments and demands strict proof thereof.  Austal denies the remaining averments of this paragraph and demands strict proof thereof.

49.     These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed.   Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal denies these averments and demands strict proof thereof.

50.     These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed.   Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal denies these averments and demands strict proof thereof.

51.     These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed.   Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s

heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal denies these averments and demands strict proof thereof.

52.     These allegations are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and hence, require no response from Austal. These allegations should have been struck from the Second Amended False Claims Act Complaint at the time it was filed.   Notwithstanding that Plaintiffs have exceeded the bounds of appropriate pleadings practice in violation of FRCP 9(b)'s heightened pleading standards, in an abundance of caution, Austal nonetheless answers: Austal denies these averments and demands strict proof thereof.

## IV.   Claim

53.     Austal adopts and incorporates as if fully set forth herein its responses to paragraphs 1 through 52 of the Second Amended False Claims Act Complaint.

54.     Paragraph 54 consists of nothing more than conclusions of law to which no response is required. To the extent a response is required, Austal denies that Plaintiffs are entitled to any relief under any provision of the United States Code and demands strict proof thereof .

55.     Paragraph 55 consists of nothing more than conclusions of law to which no response is required. To the extent a response is required, Austal denies these averments and demands strict proof thereof.

56.     Paragraph 56 consists of nothing more than conclusions of law to which no response is required. To the extent a response is required, Austal denies these averments and demands strict proof thereof.

57.     Paragraph 57 consists of nothing more than conclusions of law to which no response is required. To the extent a response is required, Austal denies these averments and demands strict proof thereof.

58.     Paragraph 58 consists of nothing more than conclusions of law to which no response is required.  To the extent a response is required, Austal denies these averments and demands strict proof thereof.

## V.     Prayer for Relief

**WHEREFORE** Austal prays that:

1.     Plaintiffs take nothing by way of their Second Amended False Claims Act Complaint;

2.     Plaintiffs' claims be dismissed with prejudice.

3.     Judgment be entered in favor of Austal for reasonable costs and attorneys' fees incurred herein;

4.     The portions of the Plaintiffs' Second Amended False Claims Act that are in regard to the Plaintiffs' non-retaliation claims that have been dismissed by this Court and exceed the bounds of appropriate pleadings practice in violation of

FRCP 9(b)'s heightened pleading standards be struck from the Second Amended False Claims Act Complaint; and

5. Other and further relief be granted as the Court deems just and proper.

## VI.   Affirmative Defenses

1.   Austal denies each averment in the Second Amended False Claims Act Complaint that is not specifically admitted or otherwise controverted and demands strict proof thereof.  Austal denies any averments contained in the preamble, prayer, or in any other parts of the Second Amended False Claims Act Complaint.

2.   To the extent the Plaintiffs' Second Amended False Claims Act Complaint alleges that Austal engaged in any fraudulent activity, the Complaint must be dismissed and/or those paragraphs of the Complaint alleging such activity for Plaintiffs' failure to "state with particularity the circumstances constituting fraud or mistake," pursuant to FRCP 9(b).

3.   Plaintiffs have failed to plead those factual allegations to establish the requisite statutory elements under 31 U.S.C. Section 3730(h).  Plaintiffs have failed to set forth adequate or ultimate facts necessary to show or establish that the Plaintiffs are entitled to relief under the False Claims Act or that the Plaintiffs' alleged activity upon which this suit is based was not in furtherance of any "protected conduct"  under 31 U.S.C. Section 3730(h), in that they did not report

any potentially fraudulent claims for federal funds to Austal, such that Austal had sufficient information to support a reasonable conclusion that it could have feared being reported to the United States Government for fraud or sued in a *qui tam* action by Austal pursuant to 31 U.S.C. Section 3730(h).  Plaintiffs failed to utilize the company's reporting mechanism, which was clearly highlighted at the bottom of every one of their timesheets, and assuming that Plaintiffs did, in fact, communicate their alleged concerns with Messrs. Emmet or Taylor, simply raising concerns about possible internal company or other non-compliances, like those outlined in the Second Amended False Claims Act Complaint, without more, could not form the basis of recovery for protected conduct against Austal that is cognizable under the False Claims Act's anti-retaliation provisions.

4.      The Plaintiffs' claims are barred because Austal, at all times relevant hereto, complied with all applicable laws.

5.      Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be granted.

6.      The Second Amended False Claims Act Complaint should be dismissed, in whole or in part, because the relief demanded by Plaintiffs is improper, inappropriate, or otherwise unavailable under the law upon which their claims rest.

7.      Plaintiffs' claims, in whole or in part, are barred by 31 U.S.C. Section

16

3730(h)(3) -- the applicable statutes of limitations.

8.      Plaintiffs' claims are barred by acquiescence, waiver, consent, laches, estoppel, collateral estoppel, judicial estoppel, unlawfulness, unclean hands, and/or unjust enrichment.

9.      Plaintiffs, in whole or in part, failed to mitigate their alleged damages, if any, and therefore, are precluded from recovery.   In the alternative, Austal avers that amounts earned or that are capable  of  being  earned  with reasonable  diligence  must  be  offset  against  and  reduce  any monetary recovery sought in the case.

10.     Plaintiffs' alleged damages, if any, are subject to a setoff due to, among other things, Plaintiffs' bad faith conduct.

11.     Plaintiffs have failed to satisfy the prerequisites, jurisdictional or otherwise, to filing suit under the statute at issue in the Second Amended False Claims Act Complaint.

12.     Plaintiffs cannot demonstrate a *prima facie* case of retaliation.

13.     There  is  no  causal  connection  between  Plaintiffs'  alleged involvement in protected conduct and Austal's conduct towards Plaintiffs.

14.     Any and all actions taken by Austal which affected the Plaintiffs were  based  upon  bona  fide,  legitimate,  non-retaliatory  reasons  that  were  not pretextual and were in good faith and not for the reasons alleged in the Second

17

Amended False Claims Act Complaint.

15.     Plaintiffs' alleged statutorily protected complaint(s), which Austal disputes was/were ever made, were not the determinative factor for any decisions Austal made which affected the Plaintiffs.

16.     The Plaintiffs cannot prove any retaliatory conduct on the part of Austal in view of the fact that it has not retaliated against the Plaintiffs.   In the alternative, even if Plaintiffs could prove retaliatory conduct on the part of Austal, which Plaintiffs cannot, Austal is entitled to a judgment in its favor because some or all of the decisions and/or actions challenged as retaliatory in the Second Amended False Claims Act Complaint would have been undertaken even had the Plaintiffs not made the alleged protected complaints (*i.e.*, Austal relied upon a permissible reason in making any and all changes to the terms of Plaintiffs' employment).

17.     Austal does not discharge, exclude, deny employment, promotion, service, or other employment opportunities, segregate, classify, discriminate with respect to compensation, terms, conditions, or privileges, or otherwise treat any person differently from other individuals on account of engagement in statutorily protected activity.

18.     Austal acted in a good faith attempt to comply with applicable law by adopting policies and procedures designed to prohibit retaliation in the

workplace.

19.     If the evidence in this case reveals that the Plaintiffs would not have been hired by or entitled to any damages based upon after-acquired evidence, Austal asserts this defense.

20.     Austal affirmatively asserts the defense of the mixed-motive doctrine.

21.     Plaintiffs cannot show that an impermissible reason was a motivating factor for Austal's alleged retaliatory conduct.

22.     Plaintiffs' claims are barred, in whole or in part, by Austal's justification for its actions.

23.     Austal denies that Plaintiffs are entitled to any relief whatsoever.

24.     Austal denies that any of Plaintiffs' alleged damages were proximately caused by any act, omission, or misconduct of Austal.

25.     Austal denies that Plaintiffs have suffered any damages or injuries as a result of any alleged acts, omission, or misconduct of Austal.

26.     Plaintiffs' own unprotected conduct proximately caused any and all damages sought in the Second Amended False Claims Act Complaint. Plaintiffs' alleged losses, injuries, damage or detriment were directly and proximately caused and contributed to by the Plaintiffs' own conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct thereby completely or partially barring the Plaintiffs' recovery herein.

27.   Plaintiffs are precluded from recovering compensatory or other damages under 31 U.S.C. Section 3730(h)(3) as there is no evidence of retaliation by Austal.

28.   Plaintiffs are precluded from recovering compensatory or other damages under 31 U.S.C. § 3730(h)(3) as there is no evidence that Austal acted intentionally, willfully, recklessly, with malice or with indifference to the Plaintiffs' rights.

29.   Austal at all times acted in good faith towards Plaintiffs.

30.   Plaintiffs' claims for equitable relief may not be tried before a jury.

31.   Discovery has not been begun, and therefore, Austal reserves the right to add additional defenses and affirmative defenses and does not waive any rights, privileges, defenses, or affirmative defenses not specifically asserted herein.

Respectfully submitted,

**Counsel for Defendant, Austal USA, LLC**

_s/ Brian A. Darst_
BRIAN A. DARST (Virginia Bar #31056)

OF COUNSEL:

ODIN, FELDMAN & PITTLEMAN, P. C.
1775 Wiehle Avenue, Suite 400

Reston, Virginia  20190
Telephone: (703) 218-2140
Facsimile: (703) 218-2160


*s/ Kristin Taylor Parsons*
JOHN WESLEY BELL (BEL050)
KRISTIN TAYLOR PARSONS (PARSK4318)


OF COUNSEL:

AUSTAL USA, LLC
100 Addsco Road
Mobile, Alabama 36602
Telephone: 251-445-8300




*s/ C. William Daniels, Jr .*
C. WILLIAM DANIELS, JR. (DANIC4169)
JOHN P. KAVANAGH, JR. (KAVAJ1011)


OF COUNSEL:

BURR & FORMAN LLP
P. O. Box 2287
Mobile, Alabama 36652-2287
Telephone: (251) 344-5151
Facsimile: (251) 344-9696

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2015, I served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Thomas M. Loper, Esq.          Derdre L. Colson, Esq.
David C. Tufts, Esq.           Assistant United States Attorney
The Gardner Firm, P.C.         United States Attorney's Office
210 S. Washington Avenue       Southern District of Alabama
Mobile, Alabama 36602          Riverview Plaza, 63 S. Royal Street, Suite 600
                               Mobile, Alabama 36602


_s/ Kristin Taylor Parsons_